NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

AUG 26 2022

FOR THE NINTH CIRCUIT

HEIDI RAGUEX-CHANG; MIGUEL
ZAPETA-RAGUEX,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 15-73220

Agency Nos. A205-591-388
                A202-094-934

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2022
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

     Heidi Raguex-Chang ("Raguex"), a citizen of Guatemala, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") upholding the

denial, by an Immigration Judge ("IJ"), of her applications for asylum, withholding

of removal, and protection under the Convention Against Torture (the "Torture

Convention").[1]  We have jurisdiction under § 242 of the Immigration and

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[1] Raguex's minor son, who is a co-petitioner, is a rider on Raguex's application for
asylum and has not presented any independent application for relief.

Nationality Act ("INA"). *See* 8 U.S.C. § 1252. We review legal questions *de novo* and the agency's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the harms that Raguex experienced or fears have not been shown to be "on account of" one of the protected grounds set forth in the INA. Raguex testified that her father was murdered for money, not because of his ethnicity or other protected grounds. The threatening letter Raguex received in 2012 mentioned her father's killing but did not suggest that she was targeted based on a protected ground. During the bus robberies, the gang members robbed everyone—even the non-indigenous passengers. As the BIA concluded, Raguex "conceded at the hearing that money was the motivation for her father's killing, for the extortion, and for the bus robberies." On this record, we cannot say that "any reasonable adjudicator would be compelled to conclude" that there was a nexus between Raguex's claimed protected grounds and the harms she suffered or fears. *See* 8 U.S.C. § 1252(b)(4)(B); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Raguex notes that the agency's decision in her case preceded our opinion in

2

*Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), which clarified that the showing of nexus required for a withholding of removal claim is less demanding than for an asylum claim. *Id*. at 358–59. Raguex further correctly notes that, in reciting the applicable standards governing nexus, the BIA's decision below erroneously stated that withholding claims were subject to the same nexus standard as asylum claims. We have held, however, that remand is nonetheless not required if the agency's decision makes clear that it found "*no* nexus between the harm to [the applicant] and the alleged protected ground[s]." *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019). That is the case here. Both the IJ's decision and the BIA's decision emphasize the lack of any connection between the various harms or threats that Raguex mentioned and a protected ground. *See Zetino*, 622 F.3d at 1016.

With respect to Raguex's request for relief under the Torture Convention, we conclude that substantial evidence supports the agency's determination that Raguex had failed to show that it was more likely than not that she would face torture by or with the acquiescence of a Guatemalan public official. *See* 8 C.F.R. § 1208.18(a)(1). The BIA noted that Raguex never claimed to have been "tortured or threatened with torture by the police, the military, or any other government official." While the IJ agreed that Raguex's fears of crime in Guatemala were "understandable," he reasonably concluded that Raguex had not shown that any

public official in Guatemala seeks or would consent or acquiesce to torture of her, and the BIA acted permissibly in upholding that finding. Therefore, the record does not compel the conclusion that Raguex would more likely than not face torture by or with the consent or acquiescence of a Guatemalan public official.

**PETITION DENIED.**